Filed 7/22/26  P. v. Urrutia-Barbosa CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HIPOLITO TENOCH URRUTIA-BARBOSA,<br><br>    Defendant and Appellant. | 2d Crim. No. B346361<br>(Super. Ct. No. 24CR04747)<br>(Santa Barbara County) |

Appellant Hipolito Tenoch Urrutia-Barbosa was convicted of transporting and possessing fentanyl with the intent to sell, possession of a firearm by a felon, and possession of ammunition by a felon.  He admitted that he had two prior juvenile convictions that qualified as strikes under the Three Strikes law.  Appellant contends the trial court abused its discretion by declining to strike his prior juvenile convictions for purposes of sentencing.  We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In 2024, when he was 19 years old, appellant was charged with: 1) transportation for sale of a controlled substance (Health & Saf. Code, § 11352 subd. (a)); 2) possession for sale of a controlled substance (*id*., § 11351); 3) possession of a firearm by a convicted person (Pen. Code, § 29800, subd. (b)); and 4) possession of ammunition by a felon (*id*., § 30305, subd. (a)(1)). The information alleged a firearm enhancement for the first two counts (*id*., § 12022, subd. (c)), and two prior juvenile strikes (*id*., § 667, subd. (d)(3)). The two prior strikes were for robbery convictions in 2021 and 2022, when appellant was a minor.

Appellant moved the trial court to dismiss his juvenile strikes pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) and Penal Code section 1385. Appellant asked the court to consider his background, including that he was born addicted to heroin and had been subjected to trauma throughout his childhood. He had faced poverty, housing instability, physical abuse by his mother, his father had largely abandoned him, and he had no stable source of love or connection. Appellant also had a history of drug and alcohol use.

In support of his motion, appellant relied heavily on an expert declaration from Dr. Billi Starr, a doctor of education, who opined that appellant's crimes were impulsive acts attributable to his young age, undeveloped brain, and years of trauma that had gone untreated. It was Dr. Starr's view that appellant needed treatment, not prison. Appellant had received some rehabilitative services through the juvenile court over the years, but maintained those services were inadequate. He requested the trial court grant his motion so that he could be sentenced to probation and enroll in a residential drug and alcohol program.

2

The prosecution opposed the motion, arguing that appellant's current and past crimes did not warrant relief. Appellant had just been charged with possession of 92 fentanyl pills and a loaded, unregistered firearm. His most recent prior felony involved domestic violence. As a juvenile, appellant had been arrested twice for felonies while in possession of a firearm or knife, and suffered prior convictions involving violence against others, weapons, and gangs. His criminal history had been chronic since 2019. His juvenile prior strikes were previously struck in another case, yet appellant continued to reoffend.

After reviewing the materials submitted by the parties, the trial court denied the *Romero* motion. The court was sympathetic to appellant's circumstances. It acknowledged appellant's parents had "completely failed him." It stated, "I want to strike the strike. I want to have a reason to strike the strike for him because of his age and the things he went through." The court also lamented whether there were orders that could have been made in prior cases that might have provided more targeted treatment for appellant.

However, the trial court noted the danger of fentanyl and expressed concern that this was "not the first time" appellant was involved with fentanyl and firearms. The court observed that appellant continued to engage in serious criminal conduct even after he had been shown leniency. The court found that appellant's criminal behavior included incidents that were violent, victimized others, and were unprovoked. In denying the motion, the court explained that appellant had been given many chances and remained a danger to the community.

After denying the motion, the trial court invited counsel to discuss appellant's sentence, asking for their input on whether

there was a way to get the sentence below 10 years.  Appellant faced a maximum sentence of 16 years four months.  The court ultimately imposed the minimum authorized prison term of six years.

## DISCUSSION

A court has discretion to strike prior convictions that fall within the Three Strikes law.  (*Romero, supra,* 13 Cal.4th at pp. 529-530.)  To properly exercise this discretion, the trial court must balance the legitimate societal interest in imposing longer sentences for repeat offenders and the defendant's constitutional right against disproportionate punishment.  (*Id.* at pp. 530–531.)  In deciding whether to strike a prior, the court reviews the nature of the offenses, the defendant's background, the defendant's prospects, and whether the sentence fulfills the purpose of the sentencing law.  (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

"[A] court's failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard."  (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).)  There are only narrow, extraordinary circumstances under which an appellate court will find an abuse of discretion.  (*Id.* at p. 378.)  These circumstances include the trial court's lack of awareness of its discretion to strike a prior conviction, the court's consideration of impermissible factors, or the imposition of a three strikes sentence that is irrational or arbitrary.  (*Ibid.*)

On review, we do not reweigh the evidence and it is immaterial that we might have ruled differently had the motion been directed to us.  (*Carmony*, *supra*, 33 Cal.4th at p. 378.)  If a defendant is unable to demonstrate the trial court abused its

discretion, we presume the court acted within its authority. (*Id.* at pp. 376–377.)

Appellant contends the trial court acted irrationally and arbitrarily by failing to give sufficient weight to his background, particularly the circumstances of his childhood, his young age and its impacts on his brain development and culpability. He also argues that the court did not fully appreciate the opinion of Dr. Starr.

By arguing that the trial court did not adequately weigh the evidence, Appellant essentially asks us to reweigh the relevant factors and reach a different conclusion than the one reached by the trial court. Our task is not to reweigh factors bearing on the decision below, but instead to ensure that the trial court considered the appropriate factors and reached a sentencing decision that is not irrational or arbitrary. (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

The trial court discharged its duty. The court reviewed appellant's motion and supporting documents, including Dr. Starr's report. The court discussed why these materials did not overcome serious concerns about public safety. Appellant was again in possession of fentanyl and an illegal firearm. He had again resorted to crime despite the lenience that had been shown to him. His past criminal conduct involved violence toward others, and the record did not establish that appellant had matured such that a grant of probation and enrollment in a drug and alcohol program would likely facilitate necessary changes in his behavior. Far from making a sentencing decision that was irrational or arbitrary, the court grappled with both the sad reality of appellant's situation and the real and ongoing threat appellant posed to the community. The information provided by

Dr. Starr was not so compelling that it required the court to grant appellant's motion.

Appellant also contends the trial court did not consider his prospects for rehabilitation. We disagree.

The trial court expressly acknowledged appellant's prospects for rehabilitation were better on probation and in a program than if he were to go to prison. The court expressed disappointment that his issues had not been sufficiently addressed through prior sentencing orders. It considered the record and ultimately found appellant's violent criminal history and the threat he posed to the community did not warrant the striking of his priors. Even so, the court took immediate steps to engage counsel and to impose as lenient a sentence as the law allowed, so as to reduce appellant's prison time to the extent feasible.

This was not an abuse of discretion. The trial court could not disregard the Three Strikes law simply because a prison sentence may not be rehabilitative. The court was obligated to consider whether appellant was within the "spirit" of the Three Strikes law such that maintaining his convictions fulfilled the purpose of the law. (*Carmony, supra,* 33 Cal.4th at pp. 378-379.) Individuals with a criminal history that amounts to " 'an exemplar of the "revolving door" career criminal' " fall squarely within the spirit of the law. (*Id.* at p. 379.) The fact that appellant had been consistently engaged in serious criminal activity since 2019 supported the trial court's determination that he fell within the spirit of the law.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

McKAIG, J.*

We concur:

BALTODANO, Acting P. J.

CODY, J.

---

* Judge of the Ventura Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7

Von Deroian, Judge

Superior Court County of Santa Barbara

_____

John Schneider for under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David A. Voet, Deputy Attorney General for Plaintiff and Respondent.